IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41053
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ASTLEY ANTHONY GRANT,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-114-1
- - - - - - - - - -
December 6, 2001
Before JOLLY, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Astley Anthony Grant appeals his conviction for possession with intent to distribute more than 1000 kilograms of marijuana. Grant contends that 1) the district court plainly erred in admitting evidence that he had provided false statements regarding his identity and citizenship; 2) the district court erroneously admitted hearsay evidence; 3) the evidence was insufficient to support his conviction; and 4) the district court plainly erred in admitting into evidence his preliminary hearing testimony.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed. The trial court's admission of evidence concerning Grant's false statements to authorities does not constitute plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). With respect to Grant's contention that the trial court erroneously admitted hearsay testimony, the complained-of out-of-court statements were not offered to prove the truth of the matter asserted; thus, their admission was not an abuse of discretion. See United States v. Clements, 73 F.3d 1330, 1334 (5th Cir. 1996); United States v. Carillo, 20 F.3d 617, 619 (5th Cir. 1994). Viewing the evidence in the light most favorable to the Government and taking all reasonable inferences therefrom, a reasonable jury could conclude beyond a reasonable doubt that Grant knew the trailer contained marijuana. See United States v. Garcia-Flores, 246 F.3d 451, 454 (5th Cir. 2001). Finally, by agreeing that his preliminary-hearing testimony was admissible at trial, Grant has waived his right to raise this issue. See United States v. Reveles, 190 F.3d 678, 683 (5th Cir. 1999).

AFFIRMED.